# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN P. PEREZ, | Case No. 2:16-cv-00830-RFB-GWF |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, SR., et al., | |
| Respondents. | |

Before the Court are Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 12), Respondents' Motion to Dismiss (ECF No. 26), Petitioner's Opposition (ECF No. 34), and Respondents' Reply (ECF No. 40). The Court grants the Motion to Dismiss, finding this action is untimely.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). See also Nev. R. App. P. 4(b), 26(a). For Section 2244(d)(1)(B) to apply, the state-created impediment must have "altogether prevented [petitioner] from presenting his claims in any form, to any court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original). If Section 2244(d)(1)(D) is applicable, then the one-year period starts to run when the petitioner learned, or could have learned through due diligence, the important facts, not the legal significance of the facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

Pursuant to a guilty plea agreement, Petitioner was convicted of one count of conspiracy to murder with the intent to promote, further, or assist a criminal gang (Count I) and one count of first-

degree murder (Count II). The state district court entered the judgment of conviction on June 29, 1999. Ex. 13 (ECF No. 13-13). Petitioner did not appeal.

Petitioner mailed his original, proper person habeas corpus petition (ECF No. 4) to the Court on April 7, 2016. The Court appointed counsel, who filed the Amended Petition (ECF No. 12) on February 10, 2017.

Underlying all of Petitioner's claims is the structure of his prison sentences. According to the judgment of conviction, the state district court sentenced Petitioner on Count I to a minimum term of 48 months and a maximum term of 120 months for the conspiracy plus a consecutive minimum term of 48 months and maximum term of 120 months for the gang enhancement. The state district court sentenced Petitioner on Count II to life imprisonment with parole eligibility starting after a minimum of 20 years, consecutive to the sentences in Count I. Ex. 13 (ECF No. 13-13). Petitioner claims that at the sentencing hearing, the state district court made the sentence for Count II run consecutive to the first sentence for Count I but concurrent with the second sentence for Count I.

Under 28 U.S.C. § 2244(d)(1)(A), this action is untimely. Petitioner did not appeal, and his judgment of conviction became final on July 29, 1999. Petitioner had nothing pending in state court in the following year. The one-year period of Section 2244(d)(1)(A) expired at the end of July 31, 2000, because it otherwise would have expired on a Saturday. Any motion or petition that Petitioner later filed in state court could not have tolled an already-expired period. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner argues that the period of limitation has not yet started under 28 U.S.C. § 2244(d)(1)(B) because the state has created an impediment by never providing him with his sentencing transcript. Apparently, it no longer is possible to generate a transcript of the sentencing hearing.

The Court acknowledges that Petitioner attempted to obtain a transcript several times. However, the transcripts would be inconsequential to Petitioner's Petition. Under Nevada law, a judgment of conviction becomes final only once it is signed by the judge and entered by the clerk; any pronouncement by a judge from the bench is not final. Miller v. Hayes, 604 P.2d 117, 118

3

(Nev. 1979); see also ECF No. 14-15 at 3 (Ex. 46) (Nevada Supreme Court's Order of Affirmance, citing Miller). A transcript of the sentencing could not have any effect on Petitioner's claims as a result. The judgment of conviction signed by the judge and entered by the clerk is the final judgment of conviction in Plaintiff's case regardless of any discrepancies between the judgment of conviction and any statements by the judge at the sentencing hearing. Thus, Section 224(d)(1)(B) does not apply since the lack of a transcript for the sentencing hearing has no consequence on Plaintiff's claims.

Further, Section 2244(d)(1)(B) requires that Petitioner be unable to present his claims in any form to any court. Ramirez, 571 F.3d at 1001.[1] On May 20, 2005, Petitioner filed the first of a series of motions and petitions, filed intermittently over the next eleven years, asking either for the transcript of the sentencing hearing or for relief based upon his recollection of the sentencing hearing.[2] If the lack of a transcript of the sentencing hearing was a state-created impediment as contemplated by 28 U.S.C. § 2244(d)(1)(B), then the impediment was resolved by no later than May 20, 2005—the date on which Petitioner presented his claims in some form to the state courts. Petitioner's additional motions for transcripts could not toll the one-year period under 28 U.S.C. § 2244(d)(2) because the motions were not petitions for state post-conviction or other collateral review. Petitioner's motion to amend or correct the judgment of conviction, filed April 25, 2006, 340 days later, would have tolled the one-year period. Ex. 38 (ECF No. 14-7). The tolling ended when the Nevada Supreme Court issued its remittitur on November 17, 2006. Ex. 73 (ECF No. 35-2). The one-year period would have expired on December 12, 2006. Therefore, this action would still be untimely even if Section 2244(d)(1)(B) applied.

Petitioner also argues that 28 U.S.C. § 2244(d)(1)(D) should apply because of another error in his sentence calculation. The Nevada Department of Corrections thought that his sentence was

---

[1] Petitioner argues that the Ninth Circuit has not answered the question whether denial of a transcript is a state-created impediment. ECF No. 34, at 8. The general, stringent requirements of Ramirez cover this situation.

[2] These were: (1) a motion for an order to prepare specific transcripts, filed May 20, 2005, Ex. 29 (ECF No. 13-29); (2) a motion for disclosure of record, filed July 18, 2005, Ex. 32 (ECF No. 14-1); (3) a motion to amend or correct the judgment of conviction, filed April 25, 2006, Ex. 38 (ECF No. 14-7); (4) two motions requesting transcript, filed March 5, 2009, Ex. 47 (ECF No. 14-16), and April 7, 2009, Ex. 48 (ECF No. 14-17); (5) a motion requesting transcript, filed April 7, 2014, Ex. 54 (ECF No. 14-23); (6) a petition for a writ of mandamus, filed March 12, 2015, Ex. 57 (ECF No. 14-26); (7) and a motion for resentencing and correction of the judgment of conviction, filed June 10, 2016, Ex. 64 (ECF No. 14-33), which was after Petitioner commenced this action.

two consecutive terms of life imprisonment with parole eligibility starting after a minimum of 20 years. Petitioner obtained a copy of the judgment of conviction from the state district court. Ex. 75, at ¶ 10 (ECF No. 35-4, at 4). The Nevada Department of Corrections realized the error on September 5, 2003. Ex. 76 (ECF No. 35-5, filed under seal). According to Petitioner, in November 2003, the parole board granted him institutional parole from his first sentence in Count I to his second sentence in Count I. Ex. 75, at ¶ 10 (ECF No. 35-4, at 4). Then, according to Petitioner, on or around November 12, 2003, he realized that the judgment of conviction did not match his recollection of the sentencing hearing. Id., at ¶ 11 (ECF No. 35-4, at 5).

The Court disagrees with Petitioner that Section 2244(d)(1)(D) makes this action timely. First, Petitioner has not convinced the Court that the period of limitation would start any later under Section 2244(d)(1)(D) than it would start under Section 2244(d)(1)(A). Petitioner would have known all the facts that he needed to know when he received the judgment of conviction soon after its entry, and before the judgment of conviction became final, by reading the judgment.[3] Under these circumstances, Section 2244(d)(1)(A) would provide the later starting date of the period of limitation.

Second, even if the Court accepted Petitioner's argument that the period of limitation started after November 12, 2003, the action still would be untimely.[4] Petitioner filed a motion to correct an illegal sentence on July 2, 2004, 233 days later. Ex. 16 (ECF No. 13-16). This motion tolled the one-year period under Section 2244(d)(2) while it was pending.[5] Ultimately, the Nevada Supreme Court affirmed the denial of the motion, and remittitur issued on April 1, 2005. Ex. 72 (ECF No. 35-1). Petitioner filed a motion requesting transcript on May 20, 2005, Ex. 29 (ECF No. 13-29), and another motion requesting transcript on July 18, 2005, Ex 32 (ECF No. 14-1), but these were ineligible for tolling under Section 2244(d)(2) because they were not petitions for post-conviction or other collateral review. Nothing else was pending in state court in the time that would

---

[3] In none of Petitioner's declarations does he state that he did not receive the judgment of conviction after its entry.

[4] The period of limitation would have actually started before September 5, 2003, because the Nevada Department of Corrections realized its error on that date, based on a copy of the judgment of conviction that Petitioner had in his possession at the time. However, this difference would not affect the timeliness of this action.

[5] This motion argued that the gang enhancement could not apply to the crime of conspiracy to commit murder. It was not related to the current petition, but it still would be eligible for tolling under Section 2244(d)(2), if time was left to be tolled.

5

have been remaining, and the one-year period would have expired on August 11, 2005. The action would be untimely even if Section 2244(d)(1)(D) applied.

Petitioner also argues that Section 2244(d)(1)(D) should apply separately to ground 3, in which he claims that the state failed to provide him with his sentencing transcript. On April 25, 2006, petitioner filed a motion to amend or correct the judgment of conviction, arguing that his sentence for Count II should run concurrently with the second, consecutive sentence for Count I, and that the judgment of conviction was incorrect. Ex. 38 (ECF No. 14-7). The motion was denied, the Nevada Supreme Court affirmed, and remittitur issued on November 17, 2006. Ex. 73 (ECF No. 35-2). Petitioner argues that the cause of action accrued, and the one-year period commenced, for ground 3 on that date. However, Petitioner had nothing pending in the state courts from November 17, 2006, until March 5, 2009, when he filed a motion requesting transcript. Ex. 47 (ECF No. 14-16). The one-year period for ground 3 would have expired at the end of November 19, 2007. Ground 3 still would be untimely.

Equitable tolling thus would be necessary. Petitioner argues for equitable tolling. But the Court is not persuaded. First, the Court is not convinced that the lack of transcripts of the sentencing hearing is an extraordinary circumstance that stood in his way and prevented timely filing. As the Court already has discussed regarding Section 2244(d)(1)(B), the transcript would be inconsequential to Petitioner's claims as it would not serve as the final judgment of conviction and Petitioner could have filed a petition based on his own recollection.

Second, while the Court acknowledges that Petitioner requested a transcript multiple times, two large gaps of time in the history of this matter cannot be ignored. The first large gap of time occurred between the conclusion of Petitioner's motion to amend or correct the judgment on November 17, 2006, (Ex. 73) (ECF No. 35-2) and the filing of a motion requesting transcript on March 5, 2009 (Ex. 47) (ECF No. 14-16). More than two years passed. The second large gap of time occurred between the issuance of the remittitur following that motion requesting transcript on July 13, 2009, (Ex. 53) (ECF No. 14-22) and the filing of another motion requesting transcript on April 7, 2014, (Ex. 54) (ECF No. 14-23). More than four years passed. During these gaps of time, Petitioner did not file other motions, write letters, or provide explanations for the lack of action.

Each gap alone is longer than the one-year period of Section 2244(d)(1) and each gap is therefore fatal to an equitable-tolling argument. The Court finds that equitable tolling is not warranted.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

Respondents also argue that grounds 1 and 2 are not exhausted. The Court will not address this argument because the Court is dismissing the action as untimely.

Also before the Court is Petitioner's motion for leave to file exhibits under seal (ECF No. 36). The exhibits in question are internal records of the Nevada Department of Corrections. They contain information that the Nevada Department of Corrections considers confidential, and they contain Petitioner's sensitive medical information. The Court grants the motion.

IT THEREFORE IS ORDERED that Respondents' Motion to Dismiss (ECF No. 26) is **GRANTED** based on the issue of timeliness. The Clerk of the Court shall enter judgment accordingly and close this matter.

IT FURTHER IS ORDERED a certificate of appealability will not issue.

IT FURTHER IS ORDERED that Petitioner's Motion for Leave to File Exhibits Under Seal (ECF No. 36) is **GRANTED**.

DATED: March 20, 2019

_____
RICHARD F. BOULWARE, II
United States District Judge